UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

TIMBER HILL ENTERPRISES, LLC,

           Plaintiff,

    -v-                                 1:26-CV-2 (AJB/DJS)

ALTA EQUIPMENT COMPANY,

           Defendant.

**Hon. Anthony Brindisi, U.S. District Judge:**

## DECISION and ORDER

### I.    INTRODUCTION

On December 3, 2025, plaintiff Timber Hill Enterprises LLC ("plaintiff") filed this action in Supreme Court, Greene County, alleging, *inter alia*, that defendant Alta Equipment Company ("defendant") violated New York General Business Law ("GBL") § 349, a consumer-protection statute. *See* Dkt. No. 1. Briefly stated, plaintiff's various claims arise from its purchase of a JCB Teleskid Model 3TS-8T (the "machine") from defendant and the parties' subsequent dispute over the machine's alleged defects. *See id.*

On January 2, 2026, defendant removed this action to federal court. Dkt. No. 1. After plaintiff amended its complaint as of right, Dkt. No. 6, defendant moved to dismiss plaintiff's complaint insofar as it asserted a GBL § 349 claim. Dkt. No. 10.

The motion has been fully briefed, Dkt. Nos. 10, 11, 12, and will be considered on the basis of the submissions without oral argument.

### II.    BACKGROUND

The following facts are taken from plaintiff's amended complaint, Dkt. No. 6, and are assumed true for the purpose of assessing defendant's motion to dismiss.

- 1 -

Plaintiff is a New York limited liability company with its principal place of business in Round Top, New York.  Am. Compl. ¶ 1.  Defendant is a business entity authorized to do business in New York that sells heavy equipment.[1]  *Id.* ¶ 2, 23–24.  This action arises from plaintiff's purchase of a single piece of equipment from defendant and the parties' subsequent dispute regarding that equipment and defendant's efforts to repair it.

On August 28, 2024, plaintiff purchased the machine from defendant for approximately $114,500.  Am. Compl. ¶ 5.  The machine was delivered on or about August 30, 2024.  *Id.* ¶ 6.

Plaintiff alleges that, shortly after delivery, the machine began to exhibit mechanical issues.  Am. Compl. ¶ 7.  Between September 2024 and April 2025, plaintiff reported various problems to defendant, including loss of power under load, hydraulic malfunctions, electrical issues, and burning oil.  *Id.* ¶¶ 7–10, 12, 16.  Plaintiff requested repair or replacement under warranty, but alleges that defendant, despite "assurances to the contrary," failed to remedy the defects.  *Id.* ¶¶ 8–10.  Defendant "eventually" took possession of the machine for repairs and retained it for approximately one month.  *Id.* ¶ 14.

Upon the machine's return to plaintiff, "many of the original defects remained unresolved," while new problems "continued to arise after the purported repairs."  Am. Compl. ¶ 15.  In February 2025, plaintiff again reported issues with the hydraulic system; defendant acknowledged that this was a "known issue."  *Id.* ¶ 16–17.  Around the same time, defendant issued invoices for certain repair work that plaintiff asserts should have been covered under warranty and refused to repair the machine.  *Id.* ¶ 18.  Defendant instead proposed that plaintiff trade it in toward a new unit at a discounted value.  *Id.* ¶ 20.

---

[1]  Because defendant is a limited liability company whose sole member is Alta Enterprises, LLC, whose sole member is Alta Equipment Group Inc.—a corporation incorporated in Delaware with its principal place of business in Michigan—defendant is a citizen of Delaware and Michigan for purposes of diversity jurisdiction.  *See Bayerische Landesbank, N.Y. Branch v. Aladdin Cap. Mgmt. LLC*, 692 F.3d 42, 49 (2d Cir. 2012); Dkt. No. 1 ¶¶ 2–4.

Based on these events, plaintiff asserts state-law claims for breach of warranty, breach of contract, negligent repair, revocation of acceptance, and related relief, and—as relevant here—a claim under GBL § 349.  Am. Compl. ¶¶ 29–51.

### III.   LEGAL STANDARD

The Federal Rules of Civil Procedure permit a party to move to dismiss a pleading for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*

Although a complaint "does not need detailed factual allegations" to survive a motion to dismiss, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 550 U.S. at 555 (cleaned up).  While "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Iqbal*, 556 U.S. at 678, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."  *Id.*

To assess this facial plausibility requirement, the court "must accept as true all of the factual allegations contained in the complaint," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), and draw all reasonable inferences in favor of the plaintiff, *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002).  In doing so, the court generally confines itself to the facts alleged in the

pleading, documents attached to the complaint or incorporated into it by reference, and matters of which judicial notice may be taken. *Goel v. Bunge, Ltd.*, 820 F.3d 554, 559 (2d Cir. 2016).

## IV.    DISCUSSION

Plaintiff's amended complaint alleges that the defendant violated, *inter alia*, GBL § 349 by engaging in "materially deceptive and misleading practices" that were "likely to mislead a reasonable consumer," including "misrepresenting warranty coverage, charging for covered repairs, returning unrepaired equipment, and coercing new purchases through discounted trade-ins." Am. Compl. ¶¶ 45–46.

Defendant argues that the GBL § 349 claim should be dismissed because plaintiff's complaint describes a private dispute arising from a single commercial transaction and fails to allege either consumer-oriented, materially deceptive conduct or any injury resulting from the allegedly deceptive conduct. Dkt. No. 10-4 (Def.'s Mem.) at 10–14.[2]

Section 349 makes unlawful "[u]nfair, deceptive, or abusive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in [New York] state." N.Y. Gen. Bus. L. § 349(a). To succeed on a § 349 claim, "a plaintiff must allege that a defendant has engaged in (1) consumer-oriented conduct that is (2) materially misleading and that (3) plaintiff suffered injury as a result of the allegedly deceptive act or practice." *Orlander v. Staples, Inc.*, 802 F.3d 289, 300 (2d Cir. 2015) (quoting *Koch v. Acker, Merrall & Condit Co.*, 18 N.Y.3d 940, 944 (N.Y. 2012)). Put differently, "a violation of [§ 349] requires that the defendant's conduct deceive a reasonable consumer in a material respect, work a harm to the public at large, and directly cause the plaintiff's injury." *Medisim Ltd. v. BestMed LLC*, 910 F. Supp. 2d 591, 607 (S.D.N.Y. 2012) (quoting *Leider v. Ralfe*, 387 F. Supp. 2d 283, 292 (S.D.N.Y. 2005)).

---

[2] Citations to the parties' briefing refer to the CM/ECF-generated pagination.

Measured against this general legal standard, plaintiff's amended complaint fails on all three fronts. First, plaintiff's amended complaint fails to plausibly allege that the dispute over the machine constitutes consumer-oriented conduct. "Private contract disputes, unique to the parties . . . [do] not fall within the ambit of the statute." *Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank, N.A.*, 85 N.Y.2d 20, 25 (N.Y. 1995). Rather, the challenged acts must have "a broader impact on consumers at large." *Id.*

The allegations in the amended complaint arise from plaintiff's purchase of a single piece of equipment and defendant's subsequent efforts (or lack thereof) to repair it. *See* Am. Compl. ¶¶ 5–20. In other words, plaintiff has alleged a dispute between two commercial entities concerning a single transaction. Courts in this circuit routinely find this insufficient to state a claim under GBL § 349. *See, e.g., Kraft v. Staten Island Boat Sales, Inc.*, 715 F. Supp. 2d 464, 479 (S.D.N.Y. 2010) (dismissing § 349 claim where allegations arose from "a private contract dispute" concerning the sale of a single boat); *Genesco Entm't v. Koch*, 593 F. Supp. 743, 752 (S.D.N.Y. 1984) (holding that § 349 does not apply to "single-shot transaction[s]" between businesses lacking broader consumer impact); *Exxonmobil Inter-Am., Inc. v. Advanced Info. Eng'g Servs., Inc.*, 328 F. Supp. 2d 443, 448 (S.D.N.Y. 2004) (holding that "[§] 349 liability does not lie where the disputed private transaction does not have ramifications for the public at large."). On the facts alleged, the amended complaint describes a dispute arising from a single commercial transaction, not conduct directed at consumers at large.

Plaintiff attempts to cure this deficiency by alleging, "[u]pon information and belief," that defendant engages in similar practices with other customers and that such conduct is part of its "standard course of dealing." Am. Compl. ¶¶ 25–28. But these allegations are wholly conclusory and unsupported by any factual detail, such as examples of other affected consumers or

similar instances of misconduct.  "When allegations are made upon information and belief, the plaintiff must support them by offering facts upon which that belief is founded," and "courts in this circuit look unfavorably upon conclusory pleadings made on information and belief, especially with regard to consumer fraud claims such as those under [] § 349."  *Brodie v. Green Spot Foods, LLC*, 503 F. Supp. 3d 1, 13 (S.D.N.Y. 2020) (cleaned up).  Accordingly, plaintiff's generalized, conclusory assertions about possible conduct directed at others do not plausibly transform this private business dispute into consumer-oriented conduct within the meaning of § 349.

Second, the amended complaint fails to plausibly allege materially deceptive conduct.  Section 349 proscribes deceptive business conduct, *i.e.*, conduct that is "likely to mislead a reasonable consumer acting reasonably under the circumstances."  *Colpitts v. Blue Diamond Growers*, 527 F. Supp. 3d 562, 576 (S.D.N.Y. 2021) (quoting *Oswego Laborers' Local 214 Pension Fund*, 85 N.Y.2d at 26).

Notably, the alleged misconduct in this case arises primarily from defendant's post-sale performance, not from any misrepresentation that might have induced plaintiff's purchase of the machine.  Although plaintiff characterizes defendant's actions as "materially deceptive and misleading," Am. Compl. ¶ 45, the underlying allegations sound in breach of contract and warranty—namely, that defendant failed to repair the machine adequately, improperly charged for certain repairs, and declined to replace the equipment.

New York courts have consistently held that such allegations, without more, do not constitute materially misleading conduct under § 349.  *See, e.g.*, *Schlessinger v. Valspar Corp.*, 21 N.Y.3d 166, 172 (N.Y. 2013) ("[§ 349] cannot fairly be understood to mean that everyone who acts unlawfully . . . is being 'deceptive.'  Such an interpretation would stretch the statute beyond its natural bounds to cover virtually all misconduct by businesses that deal with consumers.").

That is especially so where, as here, plaintiff does not identify any specific misrepresentation, separate from the alleged contractual obligations, that would plausibly mislead a reasonable consumer.

For those reasons, plaintiff's reliance on *Himmelstein, McConnell, Gribben, Donoghue & Joseph, LLP v. Matthew Bender & Co., Inc.*, 37 N.Y.3d 169 (2021) is misplaced.  Unlike the allegations here, *Himmelstein* involved consumer-facing conduct with broader public implications, including allegedly deceptive practices directed at numerous tenants in the residential housing market.  *See id.* at 177–78.  By contrast, the amended complaint here arises from a single commercial transaction between two business entities concerning the sale and repair of one piece of equipment.  Moreover, the allegations in *Himmelstein* concerned deceptive practices that plausibly influenced consumers' decisions in the marketplace, whereas plaintiff's allegations here primarily concern defendant's alleged post-sale failure to repair or replace the machine in accordance with contractual and warranty obligations.  Because the conduct at issue here is "unique to the parties before [the Court]," plaintiff fails to plausibly allege the kind of consumer-oriented conduct required to state a claim under § 349.  *Id.* at 178.

To be sure, plaintiff alleges that a representative of defendant observed that the issues plaintiff reported were a "known issue."  Am. Compl. ¶ 17.  But the amended complaint does not plausibly allege that this purported knowledge was conveyed to consumers generally or perhaps withheld at the point of sale.  Nor does it support an inference that such knowledge was embedded in any broader marketing or sales practice directed at the public, or that defendant routinely concealed such defects from other purchasers.

Without factual allegations supporting a plausible inference that defendant concealed a known defect from consumers as part of a broader, consumer-oriented practice, this isolated,

post-sale statement does not constitute materially deceptive conduct under § 349. *See N. State Autobahn, Inc. v. Progressive Ins. Grp. Co.*, 102 A.D.3d 5, 13 (2d Dep't 2012) ("The requirement that the consumer-oriented conduct be materially misleading limits the availability of [§] 349(a) to cases where the deception pertains to an issue that may bear on a consumer's decision to participate in a particular transaction."). Because plaintiff has not plausibly alleged that any such omission could have influenced its decision to participate in the transaction, the amended complaint fails to allege materially deceptive conduct.

Third and finally, plaintiff fails to allege an injury caused by the purportedly deceptive conduct that is distinct from the damages arising from the alleged breach. To plead an injury under § 349, "a plaintiff must allege that, on account of a materially misleading practice, she purchased a product and did not receive the full value of her purchase." *Orlander*, 802 F.3d at 302. Although the amended complaint identifies harms such as loss of use, repair costs, and financing charges, Am. Compl. ¶ 47, these alleged injuries flow directly from the asserted defects in the machine and defendant's alleged failure to repair or replace it, not from any independent deceptive act. In other words, the complaint does not plausibly allege that plaintiff paid a price it otherwise would not have paid, or that it entered into the transaction at all, because of a materially misleading statement or omission.

This is insufficient as a matter of law. "Although a monetary loss is a sufficient injury to satisfy the requirement under § 349, that loss must be independent of the loss caused by the alleged breach of contract." *Spagnola v. Chubb Corp.*, 574 F.3d 64, 74 (2d Cir. 2009). Rather, a plaintiff must allege a distinct, deception-based injury, such as that "the price of the product was inflated as a result of defendant's deception or that use of the product adversely affected

plaintiff's health." *Preira v. Bancorp Bank*, 885 F. Supp. 2d 672, 677 (S.D.N.Y. 2012) (quoting *Baron v. Pfizer, Inc.*, 42 A.D.3d 627, 629 (3d Dep't 2007)).

Here, the claimed losses, such as loss of use, repair costs, and financing charges, are the same damages that would be recoverable, if at all, under plaintiff's contract and warranty theories. Absent allegations tying those losses to a materially misleading practice, rather than to the product's alleged defects or defendant's performance under the agreement, plaintiff's § 349 claim cannot stand.

In reaching this conclusion, the Court notes that plaintiff does allege that "defendant engages in a recurring business practice of . . . coercing additional purchases through discounted trade-ins of defective equipment." Am. Compl. ¶ 26. However, while "it is well-established that paying a premium for a product can constitute an actual injury under [] § 349," *Lancaster v. Am. Textile Co., Inc.*, 719 F. Supp. 3d 204, 220 (N.D.N.Y. 2024) (Sannes, C.J.), the amended complaint does not allege that plaintiff paid an inflated price for the machine as a result of any materially misleading act, nor does it allege that plaintiff was induced to enter into the transaction based on deceptive conduct. Rather, the alleged "coercion" arises from defendant's post-sale proposal that plaintiff trade in the machine at a discounted value. Am. Compl. ¶ 20. In the absence of allegations that plaintiff actually made an additional purchase or otherwise suffered a deception-based economic injury, this theory is insufficient to state a claim under § 349.

In sum, plaintiff's amended complaint alleges a private commercial dispute arising from a single transaction between sophisticated business entities. Plaintiff's generalized, "upon information and belief" allegations of broader misconduct are conclusory and unsupported by factual detail, and its § 349 claim fails because "the gravamen of its complaint" is harm to plaintiff's own interests, not "consumer injury or harm to the public interest." *Medisim*, 910 F. Supp. 2d at

618 (quoting *Securitron Magnalock Corp. v. Schnabolk*, 65 F.3d 256, 264 (2d Cir. 1995)). Moreover, the damages plaintiff seeks are recoverable, if at all, under its contract and warranty theories and do not constitute a distinct, deception-based injury under § 349. Accordingly, plaintiff's GBL § 349 claim must be dismissed.

## V.    CONCLUSION

Therefore, it is

**ORDERED** that

1.  Defendant's motion to dismiss (Dkt. No. 10) is **GRANTED;**

2.  Plaintiff's GBL § 349 claim is **DISMISSED** with prejudice; and

3.  Defendant shall file and serve an answer to the remaining claims in the amended complaint within FOURTEEN DAYS of the date of this opinion.

    The Clerk of the Court is directed to terminate the pending motion and set an answer deadline accordingly.

    **IT IS SO ORDERED.**

Dated:  May 14, 2026
        Utica, New York.

Anthony J. Brindisi
U.S. District Judge

- 10 -